FILED
2018 Oct-05  AM 11:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JESSIE BASCOMB, et al.,** | ] |
| **Plaintiffs,** | ] |
| v. | ]  **CIVIL ACTION NO.** |
| | ]  **2:18-CV-00064-KOB** |
| **EXPRESS COURIER INTERNATIONAL, INC., et al.,** | ] |
| **Defendants.** | ] |

## MEMORANDUM OPINION

This matter comes before the court on Defendants Express Courier International, Inc. and EMP LSO Holding Corp.'s motion to dismiss Plaintiffs' First Amended and Substituted Complaint. (Doc. 17). The 203 individually named Plaintiffs in this matter performed courier duties for Defendants under a contract that identified each Plaintiff as an independent contractor and not an employee of Defendants. Plaintiffs allege that they are actually employees of Defendants and that Defendants failed to pay them minimum and overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Defendants contend that Plaintiffs are not employees, and that even if Plaintiffs were employees, Plaintiffs have not sufficiently alleged minimum and overtime wage violations.

As further explained below, the court WILL GRANT Defendants' motion to

dismiss only on the basis of Plaintiffs' failure to sufficiently allege minimum and overtime wage violations. The court will reach no decision at this point on whether Plaintiffs are covered employees under the FLSA. And the court WILL GRANT Plaintiffs' request for leave to file a second amended complaint.

**I.      STANDARD OF REVIEW**

A motion to dismiss challenges the legal sufficiency of a complaint. Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Adinolfe v. United Tech. Corp.*, 768 F.3d 1161, 1169 (11th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To be plausible on its face, the claim must contain enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a motion to dismiss, the court accepts as true the factual allegations in the complaint and construes them in the light most favorable to the plaintiff. *Id.*

But not all allegations can defeat a motion to dismiss. "[L]abels and conclusions[] and a formulaic recitation of the elements of a cause of action will not do," and "[f]actual allegations must be enough to raise a right to relief above

the speculative level." *Twombly*, 550 U.S. at 555.  If the court determines that well-pleaded facts, accepted as true, do not state a plausible claim, the claim must be dismissed.  *Iqbal*, 556 U.S. at 678.

## II.   BACKGROUND

The FLSA provides (1) minimum and overtime wage protections (2) to covered employees.  29 U.S.C. §§ 206, 207.  Plaintiffs allege that they are covered employees under the FLSA and Defendants vigorously contest that allegation.  But the court will present only facts relevant to the alleged minimum and overtime wage violations because as explained below, Defendants' motion to dismiss is due to be granted regardless of whether Plaintiffs are covered employees.

Defendants' courier and package delivery business depended crucially on the 203 individually named Plaintiffs in this case.  With Plaintiffs' personal vehicles, Plaintiffs picked up parcels from Defendants' warehouses and delivered them to Defendants' customers.  (Doc. 7 at ¶¶ 221, 249, 276).  Each Plaintiff performed services for Defendants under an "owner-operator agreement."  (*Id.* at ¶ 243).  The agreement identified each Plaintiff as an "independent contractor."  (*Id.* at ¶¶ 242, 272).  Defendants paid Plaintiffs "through a combination of piece rates, route rates or delivery rates."  (*Id.* at ¶ 252).

According to Plaintiffs, "Defendant generally did not pay any drivers any overtime premium for hours that they worked over forty hours per week. . . .  If

any driver worked more than forty hours per week, Defendant's policy was not to pay that driver an overtime premium of one and one half times the driver's regular rate for the hours over forty." (Doc. 7 at ¶¶ 266-67).[1]  Plaintiffs contend that "Defendant knew or should have known that the job duties of Plaintiffs required Plaintiffs to work hours in excess of forty per week, yet Defendant failed and refused to compensate Plaintiffs for their work as required by the FLSA." (*Id.* at ¶ 270).  In addition, Plaintiffs assert that "[a]fter deducting for expenses related to the operation of at least some Plaintiffs' vehicles in the course of performing job duties for Defendant, some Plaintiffs' pay regularly fell below the minimum wages required by the FLSA." (*Id.* at ¶ 269).

Defendants contend that Plaintiffs have failed to state a plausible claim of a minimum wage or overtime violation under the FLSA because Plaintiffs do not allege (1) who received less than minimum wage or worked more than forty hours in one week without overtime pay; (2) how many hours a week each Plaintiff worked; (3) whether a Plaintiff worked more than forty hours a week; and (4) whether the expenses that a Plaintiff incurred actually brought his or her wage below minimum wage.  (Doc. 18 at 15).  Defendants argue also that Plaintiffs' allegation that "some" Plaintiffs received less than minimum wage "does not render it plausible that *each* Plaintiff had his or her wages fall below the minimum

---

[1] In their brief in opposition to Defendants' motion to dismiss, Plaintiffs state that they refer to both Defendants collectively as "Defendant" in the amended complaint. (Doc. 22 at 27).

4

wage." (*Id.*). Defendants similarly argue that "an allegation that *some* unidentified Plaintiffs worked more than 40 hours in a week cannot render plausible that the remaining unidentified Plaintiffs did so." (*Id.* at 15-16).

With the parties' positions in mind, the court next analyzes the sufficiency of Plaintiffs' amended complaint and finds that it fails to state a plausible claim for relief under the FLSA.

## III. ANALYSIS

As the court mentioned above, the FLSA establishes a minimum and overtime wage for covered employees. 29 U.S.C. §§ 206, 207. Any employer who fails to pay its covered employees overtime compensation or less than minimum wage "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Because of the FLSA's clear mandates, the Eleventh Circuit has found that "the requirements to state a claim of a FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees . . . ." *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008).

Plaintiffs rely on *Labbe* as if it lowers the pleading standard for an FLSA claim below the standard established in *Twombly* and *Iqbal*. It does not. *See*

5

*Cooley v. HMR of Alabama, Inc.*, 259 F. Supp. 3d 1312, 1318 (N.D. Ala. 2017) (finding that *Labbe* does not lower the *Twombly*/*Iqbal* pleading standard for FLSA claims in part because "*Labbe* is an unpublished opinion and therefore not binding on this Court.  *See* U.S. Ct. of App. 11th Cir. Rule 36-2.  Further, *Labbe* was decided prior to *Iqbal*."); *Gonzalez v. Old Lisbon Rest. & Bar L.L.C.*, 820 F. Supp. 2d 1365, 1370 & n.3 (S.D. Fla. 2011) (finding that *Twombly*/*Iqbal* governs the sufficiency of FLSA pleadings notwithstanding *Labbe*).  The elements of an FLSA claim certainly are straightforward, but Plaintiffs' conclusory allegations that they have established those elements with respect to some unknown Plaintiffs do not constitute well-pleaded factual allegations demonstrating a plausible claim for relief.

The court finds several flaws in Plaintiffs' amended complaint.  First and most notably, Plaintiffs do not identify which of the 203 Plaintiffs received less than minimum wage.  Plaintiffs refer only to "some" Plaintiffs whose "pay regularly fell below the minimum wages."  (Doc. 7 at ¶ 269).  The court cannot say that 203 individual Plaintiffs each have stated a plausible claim for relief when they collectively refer only to "some" who suffered an FLSA violation.  *Cf. Ryte v. Express Courier Int'l, Inc.*, 2018 WL 3723709, at *3 (N.D. Ga. July 31, 2018) ("Plaintiffs still must allege *which* Plaintiffs suffered a minimum wage and/or overtime violation.  It is not enough to say that *some* Plaintiffs suffered a minimum

6

wage violation and/or overtime violation.  Here, Plaintiffs' Complaint only alleges that some Plaintiffs suffered a minimum wage violation. . . .  Therefore, Plaintiffs' Complaint does not sufficiently allege FLSA minimum wage or overtime violations.") (emphasis in original) (footnote omitted).

Next, Plaintiffs do not allege that *any* Plaintiff received less than minimum wage or worked more than 40 hours in a week without overtime pay.  Plaintiffs allege only that Defendants "generally" did not pay overtime and had a "policy" not to pay overtime "[i]f any driver worked more than forty hours per week." (Doc. 7 at ¶¶ 266-67).  These allegations leave the court to speculate whether any Plaintiff actually worked more than forty hours in a week and fell victim to that policy.  Even what Plaintiffs consider to be their most specific allegations— "Defendant knew or should have known that the job duties of Plaintiffs required Plaintiffs to work hours in excess of forty per week, yet Defendant failed and refused to compensate Plaintiffs for their work as required by the FLSA," (*id.* at ¶ 270), and, "Defendant also unlawfully refrained from paying Plaintiffs an overtime premium for hours over forty per week," (*id.* at ¶ 277)—do not actually allege that any Plaintiff worked more than forty hours in a week and did not receive overtime pay.  Plaintiffs' contentions amount to conclusory allegations and illusory references that do not "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Plaintiffs' argument that "[i]n the Eleventh Circuit, however, Plaintiffs are not required to plead how many hours they worked each week, what weeks they worked more than forty hours or how frequently they worked more than forty hours," though correct, misses the point. (Doc. 22 at 10) (collecting cases). Plaintiffs' claim fails because they have not alleged that *any* specific Plaintiff *actually* received less than minimum wage or worked more than 40 hours in a week without overtime pay.

And none of the numerous cases cited by Plaintiffs saves their claim. (*See* Doc. 22 at 10-12). In each of those cases, unlike in this case, the plaintiff or plaintiffs asserted affirmatively that a specific plaintiff or plaintiffs received less than minimum wage or worked more than 40 hours in a week without overtime pay. And contrary to Plaintiffs' assertions, courts in the Eleventh Circuit have consistently dismissed complaints for failure to allege a specific instance of a minimum wage or overtime violation. *See, e.g., Cooley*, 259 F. Supp. 3d at 1319 ("[T]o plausibly state a claim for failure to pay overtime under the FLSA, the Plaintiffs must provide sufficient factual allegations to support a reasonable inference that they worked more than forty hours in at least one workweek and that the Defendant failed to pay the requisite overtime premium for those overtime hours.") (footnote omitted); *Beck v. Fin. Tech. Corp.*, 2017 WL 5668388, at *6 (N.D. Ala. Nov. 27, 2017) (dismissing FLSA claim where Plaintiff alleged only

8

that she "frequently worked in excess of 40 hours per week"); *Stafflinger v. RTD Constructions, Inc.*, 2015 WL 9598825, at *2 (M.D. Fla. Dec. 14, 2015), *report and recommendation adopted*, 2016 WL 48110 (M.D. Fla. Jan. 5, 2016) (dismissing FLSA claim where "Plaintiff never actually allege[d] that he ever worked in excess of 40 hours in a workweek while employed by Defendant"); *St. Croix v. Genentech, Inc.*, 2012 WL 2376668, at *1 (M.D. Fla. June 22, 2012) (dismissing FLSA claim where Plaintiff alleged only that "'at all material times hereto' she worked in excess of forty hours per work week"). As in those cases, Plaintiffs here have not sufficiently alleged an FLSA minimum wage or overtime violation.

However, in their brief in opposition to Defendants' motion to dismiss, Plaintiffs request leave to file a second amended complaint "if this Court agrees that Plaintiffs must plead more facts with particularity." (Doc. 22 at 28). Generally, "[w]hen 'a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.'" *Evans v. Georgia Reg'l Hosp.*, 850 F.3d 1248, 1254 (11th Cir. 2017) (quoting *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)). And the Federal Rules of Civil Procedure direct courts to "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiffs filed their original complaint on January 12, 2018 and amended their

9

complaint as a matter of course on April 11, 2018, only two months before Defendants moved to dismiss and only to add five new Plaintiffs. Plaintiffs might state a claim with a more carefully drafted complaint that cures the deficiencies identified above, and so the court will grant Plaintiffs' request for leave to file a second amended complaint. *Cf. Cooley*, 259 F. Supp. 3d at 1323 (granting leave to amend original complaint for the same reasons); *Ryte*, 2018 WL 3723709, at *3 (granting leave to file a third amended complaint for Plaintiffs "to allege which Plaintiffs suffered minimum wage and overtime violations . . . .").

Finally, Defendants argue that the court should dismiss all claims against Defendant EMP LSO Holding because Plaintiffs do not allege any facts specific to EMP LSO Holding. (Doc. 18 at 32). Plaintiffs contend that they refer to both Defendants collectively as "Defendant" in their complaint and "intended to make each allegation against each Defendant because both Defendants engaged in the same conduct." (Doc. 22 at 27). Plaintiffs have the opportunity in their second amended complaint to clarify that they bring claims against both Defendants and state the basis for their claims, and so the court will not at this stage preclude Plaintiffs from bringing any claims against EMP LSO Holding.

## IV. CONCLUSION

By separate order, the court **WILL GRANT** Defendants' motion to dismiss and **WILL DISMISS WITHOUT PREJUDICE** Plaintiffs' first amended

10

complaint.  The court **WILL GRANT** Plaintiffs **LEAVE TO FILE** a second amended complaint **on or before November 5, 2018**.

    **DONE** and **ORDERED** this 5th day of October, 2018.

                                         */s/ Karon O. Bowdre*
                                         **KARON OWEN BOWDRE**
                                         CHIEF UNITED STATES DISTRICT JUDGE