FILED

2018 Nov-05  PM 03:36
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**JESSIE BASCOMB, BARRY ASKINS, ROBBIE**
**ADAMS, HUSSAM ALHOLWANY, ROBERTO**
**ARNOLD, ANDREW AYERS, LEROY BAINES,**
**JOE BATIE, SANDRA BEALL, KENNETH BELL,**
**JEROME BELSER, KIMBERLY BLUE, JONATHAN**
**BONNER, ANGELA BOYD, SHANICA BRADLEY,**
**WILLIE BRAY, CHRISTOPHER BROWN,**
**REGINALD BROWN, SANDRA BROWN, BRAZZIE**
**BROWN, JR., ALFONZO BRYANT, TASHA**
**BURRELL, JOHN BUTLER, JERRY BYRD,**
**GEORGE CAHILL, MICHELLE CASH, WAYNE**
**COLLINS, SONIA COOK, TERRY COOLEY,**
**NANCY COSTELLO, DERRICK COVINGTON,**
**GARY COWLEY, DANIELLE DANIEL, BRIAN**
**DANNER, LARRY DAVIDSON, EVITA DAVIS,**
**FREDERICK DAVIS, MARK DAVIS, SHAMENSKI**
**DAVIS, CLARK DAWSON, LATASHA DAWSON,**
**DEMETRIUS DERICO, WAYLAND DIXON, JAMIE**
**DOBBS, JOHN DRIVER, JERMAINE**
**DUCKWORTH, GAREY EDDINS, RASHODA**
**EDMONDS, AMBER EDWARDS, SOPHIA ELLIS,**
**LILLIE EUBANKS, JONNIE FARMER, ROBERT**
**FELICE, CHARLES FERRIS, EDWARD FITTS,**
**LOU FORT, RONALD FOWLER, MICKEY**
**FRAMPTON, MICHAEL FREEMAN, JOHN**
**FULLER, HUGH GALLAGHER, LESLIE**
**GARDNER, JERMAINE GARRETT, JANNA**
**GILLIAM, LECONYEA GLASKER, LONZELL**
**GOLSON, WILLIE GOODEN, ROBERT**
**GOODGAME, ROSEMARY GRAVES, JOHN**
**GRAY, DETRICK GREENE, KALEB GREENLEAF,**
**TERRENCE GRUBBS, CLARENCE HALL, JOHN**
**HAMPTON, JR., KIMBERLY HARGROVE,**
**DONALD HARRIS, TAMARA HATCHER, JOHN**
**HAY, COLLEEN HILL, THOMAS HILL, JIMMY**
**HOOKS, CHARLESSA HOSKIN, FRANK**
**WILLIAMS, MICHAEL JACKSON, RECARRDO**
**JACKSON, WILLIE JACKSON, HICKS JESSIE,**
**ANGELA JOHNSON, MONICA JOHNSON, TRACY**
**JOHNSON, COURTNEY JOINER, JAMES JONES,**
**MERLAKIA JONES, MICHAEL KIENE, DELILAH**

**PLAINTIFFS**

**KING, LAWANDA LAMELL, SHATAURA LEWIS, REGINALD MANN, ANQUENETTA McADAMS, ALFREDA McCLOUD, ASHLEY McCRACKIN, LISA McCRANEY, ANTHONY McMILLIAN, BRANDON MITCHELL, MINDY MITCHELL, WILLIE MITCHELL, SAO MONTGOMERY, RICKY MOODY, ALESIA MOODY, TERINNA MOON, EDWARD MOON, JR., CHARLES D. MOORE, CHARLES F. MOORE, JOY MORA, DUSHAUN MORROW, GEOFFERY MOSS, JR., CHARLES NESBITT, WILLIAM NGIGE, BOBBY NORMAN, JACKIE OGDEN, KEITH PAGE, YEVETTE PARKER, CHRIS PASCHAL, OMAR PATINO, MARQUEZ PITTMAN, JESSE POLLARD, MATTHEW POPE, JAMES POPE, ALAN PRUITT, ANDREW PRUITT, WILLIAM PUGH, THEODORE QUARRELS, MARTHA RADER, MISTY REEVES, DANIEL REEVES, RODNEY REYNOLDS, EDWARD RILEY, JR., JOSHUA RODRIGUEZ, KATRINA SANDERS, ROSETTA SANKEY, AARON SAXTON, MARCUS SHEPHERD, ROBERT SHOLUND, DEBRA SINGLETON, CHARLES SNEED, JAIME STEGALL, TIFFANY STURDIVANTS, SANTWAN SWAIN, EUGENE TAYLOR, JOYCE THACKER, JOHN THOMAS, BRYAN THOMPSON, BENJAMIN THORNE, SHIRLEY TINGLE, JACQUELINE TOLBERT, PATRICIA TOMEI, MARCUS TREADWELL, TANYA TREADWELL, JAWAUN TUCKER, CHRIS TURNER, RODNEY VAN ALSTIN, JARVIS WATKINS, BRIAN WEEKS, TIFFANY WHITE, THOMAS WHITE, ALONZO WILLIAMS, FELECIA WILLIAMS, MELVIN WILLIAMS, SHARLENE WILLIAMS, CHARLES WRIGHT, KIMBERLY YARBROUGH TORREY YOUNG, VERONICA CAMPBELL, JAMIL PRIDE, TONY SMITH, JERRYL TODD, JOSEPH WALKER and SHAUN YOUNGER**

vs.                      **2:18-cv-00064-KOB**

**EXPRESS COURIER INTERNATIONAL, INC.**             **DEFENDANTS**

## SECOND AMENDED AND SUBSTITUTED COMPLAINT

COME NOW Plaintiffs Jessie Bascomb, Barry Askins, Robbie Adams, Hussam Alholwany, Roberto Arnold, Andrew Ayers, Leroy Baines, Joe Batie, Sandra Beall, Kenneth Bell, Jerome Belser, Kimberly Blue, Jonathan Bonner, Angela Boyd, Shanica Bradley, Willie Bray, Christopher Brown, Reginald Brown, Sandra Brown, Brazzie Brown, Jr., Alfonzo Bryant, Tasha Burrell, John Butler, Jerry Byrd, George Cahill, Michelle Cash, Wayne Collins, Sonia Cook, Terry Cooley, Nancy Costello, Derrick Covington, Gary Cowley, Danielle Daniel, Brian Danner, Larry Davidson, Evita Davis, Frederick Davis, Mark Davis, Shamenski Davis, Clark Dawson, Latasha Dawson, Demetrius Derico, Wayland Dixon, Jamie Dobbs, John Driver, Jermaine Duckworth, Garey Eddins, Rashoda Edmonds, Amber Edwards, Sophia Ellis, Lillie Eubanks, Jonnie Farmer, Robert Felice, Charles Ferris, Edward Fitts, Lou Fort, Ronald Fowler, Mickey Frampton, Michael Freeman, John Fuller, Hugh Gallagher, Leslie Gardner, Jermaine Garrett, Janna Gilliam, Leconyea Glasker, Lonzell Golson, Willie Gooden, Robert Goodgame, Rosemary Graves, John Gray, Detrick Greene, Kaleb Greenleaf, Terrence Grubbs, Clarence Hall, John Hampton, Jr., Kimberly Hargrove, Donald Harris, Tamara Hatcher, John Hay, Colleen Hill, Thomas Hill, Jimmy Hooks, Charlessa Hoskin, Frank Williams, Michael Jackson, Recarrdo Jackson, Willie Jackson, Hicks Jessie, Angela Johnson, Monica Johnson, Tracy Johnson, Courtney Joiner, James Jones, Merlakia Jones, Michael Kiene, Delilah King, Lawanda Lamell, Shataura Lewis, Reginald Mann, Anquenetta McAdams, Alfreda McCloud, Ashley McCrackin, Lisa McCraney, Anthony McMillian, Brandon Mitchell, Mindy Mitchell, Willie Mitchell, Sao Montgomery, Ricky Moody, Alesia Moody, Terinna Moon, Edward Moon, Jr., Charles D. Moore, Charles F.

Moore, Joy Mora, Dushaun Morrow, Geoffery Moss, Jr., Charles Nesbitt, William Ngige, Bobby Norman, Jackie Ogden, Keith Page, Yevette Parker, Chris Paschal, Omar Patino, Marquez Pittman, Jesse Pollard, Matthew Pope, James Pope, Alan Pruitt, Andrew Pruitt, William Pugh, Theodore Quarrels, Martha Rader, Misty Reeves, Daniel Reeves, Rodney Reynolds, Edward Riley, Jr., Joshua Rodriguez, Katrina Sanders, Rosetta Sankey, Aaron Saxton, Marcus Shepherd, Robert Sholund, Debra Singleton, Charles Sneed, Jaime Stegall, Tiffany Sturdivants, Santwan Swain, Eugene Taylor, Joyce Thacker, John Thomas, Bryan Thompson, Benjamin Thorne, Shirley Tingle, Jacqueline Tolbert, Patricia Tomei, Marcus Treadwell, Tanya Treadwell, Jawaun Tucker, Chris Turner, Rodney Van Alstin, Jarvis Watkins, Brian Weeks, Tiffany White, Thomas White, Alonzo Williams, Felecia Williams, Melvin Williams, Sharlene Williams, Charles Wright, Kimberly Yarbrough, Torrey Young, Veronica Campbell, Jamil Pride, Tony Smith, Jerryl Todd, Joseph Walker and Shaun Younger ("Plaintiffs"), by and through their attorneys D. Patrick Evans of The Evans Law Firm, P.C., and Joshua West of the Sanford Law Firm, PLLC, and for their Second Amended and Substituted Complaint ("Complaint") against Defendant Express Courier International, Inc. (hereinafter referred to as "Defendant"), and in support thereof do hereby state and allege as follows:

## I.    PRELIMINARY STATEMENTS

1.    Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs, as a result of Defendant's failure to pay Plaintiffs minimum and overtime wages as required by law.

## II.    JURISDICTION AND VENUE

2.      The United States District Court for the Northern District of Alabama has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3.      Defendant conducts business within the State of Alabama, providing courier/delivery services within the State of Alabama.

4.      Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Alabama has personal jurisdiction over Defendant, and Defendant therefore "resides" in Alabama.

5.      A substantial part of the acts complained of herein were committed and had their principal effect against Plaintiffs within the Southern Division of the Eastern District of Alabama; venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.    THE PARTIES

6.      Plaintiff Jessie Bascomb is an individual and resident of the State of Alabama.

7.      Plaintiff Barry Askins is an individual and resident of the State of Alabama.

8.      Plaintiff Robbie Adams is an individual and resident of the State of Alabama.

9.      Plaintiff Hussam Alholwany is an individual and resident of the State of Alabama.

10.     Plaintiff Roberto Arnold is an individual and resident of the State of Alabama.

11.    Plaintiff Andrew Ayers is an individual and resident of the State of Alabama.

12.    Plaintiff Leroy Baines is an individual and resident of the State of Alabama.

13.    Plaintiff Joe Batie is an individual and resident of the State of Alabama.

14.    Plaintiff Sandra Beall is an individual and resident of the State of Alabama.

15.    Plaintiff Kenneth Bell is an individual and resident of the State of Alabama.

16.    Plaintiff Jerome Belser is an individual and resident of the State of Alabama.

17.    Plaintiff Kimberly Blue is an individual and resident of the State of Alabama.

18.    Plaintiff Jonathan Bonner is an individual and resident of the State of Alabama.

19.    Plaintiff Angela Boyd is an individual and resident of the State of Alabama.

20.    Plaintiff Shanica Bradley is an individual and resident of the State of Alabama.

21.    Plaintiff Willie Bray is an individual and resident of the State of Alabama.

22.    Plaintiff Christopher Brown is an individual and resident of the State of Alabama.

23.    Plaintiff Reginald Brown is an individual and resident of the State of Alabama.

24.    Plaintiff Sandra Brown is an individual and resident of the State of Alabama.

25.    Plaintiff Brazzie Brown, Jr. is an individual and resident of the State of Alabama.

26.    Plaintiff Alfonzo Bryant is an individual and resident of the State of Alabama.

27.    Plaintiff Tasha Burrell is an individual and resident of the State of Alabama.

28.    Plaintiff John Butler is an individual and resident of the State of Alabama.

29.    Plaintiff Jerry Byrd is an individual and resident of the State of Alabama.

30.    Plaintiff George Cahill is an individual and resident of the State of Alabama.

31.    Plaintiff Michelle Cash is an individual and resident of the State of Ohio.

32.    Plaintiff Wayne Collins is an individual and resident of the State of Alabama.

33.    Plaintiff Sonia Cook is an individual and resident of the State of Alabama.

34.    Plaintiff Terry Cooley is an individual and resident of the State of Alabama.

35.    Plaintiff Nancy Costello is an individual and resident of the State of Alabama.

36.    Plaintiff Derrick Covington is an individual and resident of the State of Alabama.

37.    Plaintiff Gary Cowley is an individual and resident of the State of Alabama.

38.    Plaintiff Danielle Daniel is an individual and resident of the State of Alabama.

39.    Plaintiff Brian Danner is an individual and resident of the State of Alabama.

40.    Plaintiff Larry Davidson is an individual and resident of the State of Alabama.

41.     Plaintiff Evita Davis is an individual and resident of the State of Alabama.

42.     Plaintiff Frederick Davis is an individual and resident of the State of Alabama.

43.     Plaintiff Mark Davis is an individual and resident of the State of Alabama.

44.     Plaintiff Shamenski Davis is an individual and resident of the State of Alabama.

45.     Plaintiff Clark Dawson is an individual and resident of the State of Alabama.

46.     Plaintiff Latasha Dawson is an individual and resident of the State of Alabama.

47.     Plaintiff Demetrius Derico is an individual and resident of the State of Alabama.

48.     Plaintiff Wayland Dixon is an individual and resident of the State of Alabama.

49.     Plaintiff Jamie Dobbs is an individual and resident of the State of Alabama.

50.     Plaintiff John Driver is an individual and resident of the State of Alabama.

51.     Plaintiff Jermaine Duckworth is an individual and resident of the State of Alabama.

52.     Plaintiff Garey Eddins is an individual and resident of the State of Alabama.

53.     Plaintiff Rashoda Edmonds is an individual and resident of the State of Alabama.

54.     Plaintiff Amber Edwards is an individual and resident of the State of Alabama.

55.     Plaintiff Sophia Ellis is an individual and resident of the State of Alabama.

56.     Plaintiff Lillie Eubanks is an individual and resident of the State of Alabama.

57.     Plaintiff Jonnie Farmer is an individual and resident of the State of Alabama.

58.     Plaintiff Robert Felice is an individual and resident of the State of Alabama.

59.     Plaintiff Charles Ferris is an individual and resident of the State of Alabama.

60.     Plaintiff Edward Fitts is an individual and resident of the State of Alabama.

61.     Plaintiff Lou Fort is an individual and resident of the State of Alabama.

62.     Plaintiff Ronald Fowler is an individual and resident of the State of Alabama.

63.     Plaintiff Mickey Frampton is an individual and resident of the State of Alabama.

64.     Plaintiff Michael Freeman is an individual and resident of the State of Alabama.

65.     Plaintiff John Fuller is an individual and resident of the State of Alabama.

66.     Plaintiff Hugh Gallagher is an individual and resident of the State of Alabama.

67.     Plaintiff Leslie Gardner is an individual and resident of the State of Alabama.

68.     Plaintiff Jermaine Garrett is an individual and resident of the State of Alabama.

69.     Plaintiff Janna Gilliam is an individual and resident of the State of Alabama.

70.     Plaintiff Leconyea Glasker is an individual and resident of the State of Alabama.

71.     Plaintiff Lonzell Golson is an individual and resident of the State of Alabama.

72.     Plaintiff Willie Gooden is an individual and resident of the State of Alabama.

73.     Plaintiff Robert Goodgame is an individual and resident of the State of Alabama.

74.     Plaintiff Rosemary Graves is an individual and resident of the State of Alabama.

75.     Plaintiff John Gray is an individual and resident of the State of Alabama.

76.     Plaintiff Detrick Greene is an individual and resident of the State of Alabama.

77.     Plaintiff Kaleb Greenleaf is an individual and resident of the State of Alabama.

78.     Plaintiff Terrence Grubbs is an individual and resident of the State of Alabama.

79.     Plaintiff Clarence Hall is an individual and resident of the State of Alabama.

80.     Plaintiff John Hampton, Jr. is an individual and resident of the State of Alabama.

81.     Plaintiff Kimberly Hargrove is an individual and resident of the State of Alabama.

82.     Plaintiff Donald Harris is an individual and resident of the State of Alabama.

83.     Plaintiff Tamara Hatcher is an individual and resident of the State of Alabama.

84.     Plaintiff John Hay is an individual and resident of the State of Alabama.

85.     Plaintiff Colleen Hill is an individual and resident of the State of Alabama.

86.     Plaintiff Thomas Hill is an individual and resident of the State of Alabama.

87.     Plaintiff Jimmy Hooks is an individual and resident of the State of Alabama.

88.     Plaintiff Charlessa Hoskin is an individual and resident of the State of Alabama.

89.     Plaintiff Frank Williams is an individual and resident of the State of Alabama.

90.     Plaintiff Michael Jackson is an individual and resident of the State of Alabama.

91.     Plaintiff Recarrdo Jackson is an individual and resident of the State of Alabama.

92.     Plaintiff Willie Jackson is an individual and resident of the State of Alabama.

93.     Plaintiff Hicks Jessie is an individual and resident of the State of Alabama.

94.     Plaintiff Angela Johnson is an individual and resident of the State of Alabama.

95.     Plaintiff Monica Johnson is an individual and resident of the State of Alabama.

96.     Plaintiff Tracy Johnson is an individual and resident of the State of Alabama.

97.     Plaintiff Courtney Joiner is an individual and resident of the State of Alabama.

98.     Plaintiff James Jones is an individual and resident of the State of Alabama.

99.     Plaintiff Merlakia Jones is an individual and resident of the State of Alabama.

100.    Plaintiff Michael Kiene is an individual and resident of the State of Alabama.

101.    Plaintiff Delilah King is an individual and resident of the State of Alabama.

102.    Plaintiff Lawanda Lamell is an individual and resident of the State of Alabama.

103.    Plaintiff Shataura Lewis is an individual and resident of the State of Alabama.

104.    Plaintiff Reginald Mann is an individual and resident of the State of Alabama.

105.    Plaintiff Anquenetta McAdams is an individual and resident of the State of Alabama.

106.    Plaintiff Alfreda McCloud is an individual and resident of the State of Alabama.

107.    Plaintiff Ashley McCrackin is an individual and resident of the State of Alabama.

108.  Plaintiff Lisa McCraney is an individual and resident of the State of Alabama.

109.  Plaintiff Anthony McMillian is an individual and resident of the State of Alabama.

110.  Plaintiff Brandon Mitchell is an individual and resident of the State of Alabama.

111.  Plaintiff Mindy Mitchell is an individual and resident of the State of Alabama.

112.  Plaintiff Willie Mitchell is an individual and resident of the State of Alabama.

113.  Plaintiff Sao Montgomery is an individual and resident of the State of Alabama.

114.  Plaintiff Ricky Moody is an individual and resident of the State of Alabama.

115.  Plaintiff Alesia Moody is an individual and resident of the State of Alabama.

116.  Plaintiff Terinna Moon is an individual and resident of the State of Alabama.

117.  Plaintiff Edward Moon, Jr. is an individual and resident of the State of Alabama.

118.  Plaintiff Charles D. Moore is an individual and resident of the State of Alabama.

119.  Plaintiff Charles F. Moore is an individual and resident of the State of Alabama.

120.  Plaintiff Joy Mora is an individual and resident of the State of Alabama.

121.    Plaintiff Dushaun Morrow is an individual and resident of the State of Alabama.

122.    Plaintiff Geoffery Moss, Jr. is an individual and resident of the State of Alabama.

123.    Plaintiff Charles Nesbitt is an individual and resident of the State of Alabama.

124.    Plaintiff William Ngige is an individual and resident of the State of Alabama.

125.    Plaintiff Bobby Norman is an individual and resident of the State of Alabama.

126.    Plaintiff Jackie Ogden is an individual and resident of the State of Alabama.

127.    Plaintiff Keith Page is an individual and resident of the State of Alabama.

128.    Plaintiff Yevette Parker is an individual and resident of the State of Alabama.

129.    Plaintiff Chris Paschal is an individual and resident of the State of Alabama.

130.    Plaintiff Omar Patino is an individual and resident of the State of Alabama.

131.    Plaintiff Marquez Pittman is an individual and resident of the State of Alabama.

132.    Plaintiff Jesse Pollard is an individual and resident of the State of Alabama.

133.    Plaintiff Matthew Pope is an individual and resident of the State of Alabama.

134.    Plaintiff James Pope is an individual and resident of the State of Alabama.

135.    Plaintiff Alan Pruitt is an individual and resident of the State of Alabama.

136.   Plaintiff Andrew Pruitt is an individual and resident of the State of Alabama.

137.   Plaintiff William Pugh is an individual and resident of the State of Alabama.

138.   Plaintiff Theodore Quarrels is an individual and resident of the State of Alabama.

139.   Plaintiff Martha Rader is an individual and resident of the State of Alabama.

140.   Plaintiff Misty Reeves is an individual and resident of the State of Alabama.

141.   Plaintiff Daniel Reeves is an individual and resident of the State of Alabama.

142.   Plaintiff Rodney Reynolds is an individual and resident of the State of Alabama.

143.   Plaintiff Edward Riley, Jr. is an individual and resident of the State of Alabama.

144.   Plaintiff Joshua Rodriguez is an individual and resident of the State of Alabama.

145.   Plaintiff Katrina Sanders is an individual and resident of the State of Alabama.

146.   Plaintiff Rosetta Sankey is an individual and resident of the State of Alabama.

147.   Plaintiff Aaron Saxton is an individual and resident of the State of Alabama.

148.   Plaintiff Marcus Shepherd is an individual and resident of the State of Alabama.

149.   Plaintiff Robert Sholund is an individual and resident of the State of Alabama.

150.    Plaintiff Debra Singleton is an individual and resident of the State of Alabama.

151.    Plaintiff Charles Sneed is an individual and resident of the State of Alabama.

152.    Plaintiff Jaime Stegall is an individual and resident of the State of Alabama.

153.    Plaintiff Tiffany Sturdivants is an individual and resident of the State of Alabama.

154.    Plaintiff Santwan Swain is an individual and resident of the State of Alabama.

155.    Plaintiff Eugene Taylor is an individual and resident of the State of Alabama.

156.    Plaintiff Joyce Thacker is an individual and resident of the State of Alabama.

157.    Plaintiff John Thomas is an individual and resident of the State of Alabama.

158.    Plaintiff Bryan Thompson is an individual and resident of the State of Alabama.

159.    Plaintiff Benjamin Thorne is an individual and resident of the State of Alabama.

160.    Plaintiff Shirley Tingle is an individual and resident of the State of Alabama.

161.    Plaintiff Jacqueline Tolbert is an individual and resident of the State of Alabama.

162.    Plaintiff Patricia Tomei is an individual and resident of the State of Alabama.

163.   Plaintiff Marcus Treadwell is an individual and resident of the State of Alabama.

164.   Plaintiff Tanya Treadwell is an individual and resident of the State of Alabama.

165.   Plaintiff Jawaun Tucker is an individual and resident of the State of Alabama.

166.   Plaintiff Chris Turner is an individual and resident of the State of Alabama.

167.   Plaintiff Rodney Van Alstin is an individual and resident of the State of Alabama.

168.   Plaintiff Jarvis Watkins is an individual and resident of the State of Alabama.

169.   Plaintiff Brian Weeks is an individual and resident of the State of Alabama.

170.   Plaintiff Tiffany White is an individual and resident of the State of Alabama.

171.   Plaintiff Thomas White is an individual and resident of the State of Alabama.

172.   Plaintiff Alonzo Williams is an individual and resident of the State of Alabama.

173.   Plaintiff Felecia Williams is an individual and resident of the State of Alabama.

174.   Plaintiff Melvin Williams is an individual and resident of the State of Alabama.

175.   Plaintiff Sharlene Williams is an individual and resident of the State of Alabama.

176.   Plaintiff Charles Wright is an individual and resident of the State of Alabama.

177.   Plaintiff Kimberly Yarbrough is an individual and resident of the State of Alabama.

178.   Plaintiff Torrey Young is an individual and resident of the State of Alabama.

179.   Plaintiff Veronica Campbell is an individual and resident of the State of Alabama.

180.   Plaintiff Jamil Pride is an individual and resident of the State of Alabama.

181.   Plaintiff Tony Smith is an individual and resident of the State of Alabama.

182.   Plaintiff Jerryl Todd is an individual and resident of the State of Alabama.

183.   Plaintiff Joseph Walker is an individual and resident of the State of Alabama.

184.   Plaintiff Shaun Younger is an individual and resident of the State of Alabama.

185.   At all times relevant to this Complaint, each Plaintiff performed courier services for Defendant within the State of Alabama.

186.   Defendant Express Courier International, Inc. ("Express"), is a foreign, for-profit corporation, registered to conduct business within the State of Alabama.

187.   Express has designated C T CORPORATION SYSTEM at 2 NORTH JACKSON STREET, SUITE 605 MONTGOMERY, AL 36104, to accept service on its behalf.

188.    Defendant EMP LSO Holding Corporation is a foreign, for-profit corporation, whose principal place of business is 3060 Peachtree Road NW, Suite 360, Atlanta, Georgia 30305.

189.    Defendant provides on-demand and scheduled courier services.

190.    Defendant's primary business purpose is to provide courier/delivery services, and Defendant engages couriers/drivers to accomplish this goal.

191.    Courier/delivery services are at least one integral part of Defendant's business.

192.    Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

193.    Defendant has at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce, including, but not limited to, medical supplies and bio-materials, office supplies, auto parts, manufactured goods, or office equipment for the benefit of Defendant.

## IV.    FACTUAL ALLEGATIONS

194.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

195.    To carry out Defendant's courier/delivery services, Defendant contracted with couriers/drivers (referred to herein as "couriers" or "drivers") during the relevant time.

196.    Each Plaintiff performed the basic duties of a courier during the relevant time.

197.   The basic duties of a courier include transporting and delivering packages to Defendant's customers.

198.   As workers for Defendant, each Plaintiff was economically dependent on Defendant's business and each Plaintiff's work was an integral part of Defendant's courier enterprise.

199.   At all times relevant herein, Defendant set Plaintiffs' compensation and it determined how Plaintiffs' work was performed by controlling all meaningful aspects of its working relationship with each Plaintiff.

200.   To support its delivery business, Defendant maintained a hierarchy of corporate level employees to oversee numerous field "branches," which were located throughout the southeastern United States and were divided into regions.

201.   At the corporate level, Defendant maintained an operations department, a compliance department, an accounting department, a marketing department, an information-technology department, and an insurance department.

202.   Defendant's compliance department was responsible for determining what was required to conduct Defendant's courier services in compliance with applicable laws and communicating those requirements to Defendant's branches.

203.   The compliance department was in charge of preparation, maintenance and use of Defendant's standard Agreement.

204.   Defendant's compliance department was also responsible for processing all applications to become drivers and vetting them for minimum requirements.

205.   Defendant's corporate office had a Director of Business Analytics whose job was to help the branch run more efficiently or perform research to improve business operations.

206.   Defendant also employed a Director of Operations to support branches and sales by mining data and running reports for the company for maximizing profits.

207.   Defendant also maintained a corporate-level dispatch office, with an attachment of "Central Ops Specialists," whose job was to monitor customer requirements and make sure customer expectations were met.

208.   Each branch had a senior employee in charge of the branch and drivers.

209.   Branch Managers were responsible to ensure that Plaintiffs were operating under applicable company, federal and state rules, regulations and operating procedures.

210.   Branch Managers were also responsible to ensure that customers were receiving quality delivery services and that deliveries were made on time.

211.   Branch Managers were required to facilitate branch standards reporting to Defendant's corporate office regarding how satisfied customers were with drivers' delivery performance.

212.   Defendant required Branch Managers to have management skills that would allow them to ensure that drivers delivered packages on time and that customers were satisfied and to bring in new customers or sell services.

213.   Branch Managers or whoever else was in charge of the facility had the authority to terminate Plaintiffs.

214. Branch Managers were also tasked with managing the branch within budgeted guidelines from Defendant's corporate office and the parameters set by the Regional Director.

215. Branch Managers were also responsible for maintaining a positive and safe working environment for individuals working at the branch, which included drivers.

216. Branch Managers were in charge of assigning the routes to drivers.

217. Branch Managers, not drivers, were responsible for setting long and short-term business objectives.

218. Defendant treated each Plaintiff as an "independent contractor" for purposes of the FLSA.

219. Defendant required each and every potential courier to enter into a standard agreement, which Defendant called an "independent contractor agreement" or "owner-operator agreement."

220. No Plaintiffs were involved in drafting the terms of Defendant's standard agreement.

221. Defendant required each driver to satisfy whatever needs and requirements Defendant's customers had.

222. All drivers were hired to work for Defendant for an indefinite period of time.

223. Defendant expected each Plaintiff to wear a photo identification badge.

224. Plaintiffs were expected to follow Defendant's dress code and guidelines.

225. Defendant leased warehouses in which drivers picked-up parcels for delivery.

226. No drivers shared in Defendant's profits.

227.    No drivers shared in Defendant's losses.

228.    Defendant paid drivers through a combination of piece rates, route rates or delivery rates.

229.    Defendant entered into contracts with their customers, and no drivers signed contracts with Defendant's customers.

230.    Defendant set prices to its customers for certain types of packages or delivery routes without driver input or negotiation.

231.    Defendant determined where to locate Defendant's branches and offices without driver input.

232.    Defendant made decisions on advertising Defendant's business without driver input.

233.    Plaintiffs did not advertise themselves as independent businesses.

234.    Defendant made decisions on what new business to pursue or take without driver input.

235.    Drivers did not negotiate contracts or prices with Defendant's customers.

236.    Defendant expected drivers to follow Defendant's policies regarding how to track deliveries.

237.    Defendant's standard agreement required drivers to obtain and maintain certain types of insurance.

238.    Defendant's standard agreement required drivers to use communication equipment that was compatible with Defendant's operating system.

239.   Defendant's standard agreement gave Defendant the sole discretion to investigate, adjudicate and charge drivers for delays, shortages, mis-deliveries, and claims related to lost, damaged or contaminated loads.

240.   Defendant's standard agreement required drivers to obtain written consent from Defendant before operating their vehicles for another motor carrier.

241.   If a customer had a complaint about any driver, the customer was supposed to complain to someone at the branch or to corporate headquarters, not to the driver.

242.   Defendant generally did not pay any drivers any overtime premium for hours that they worked over forty hours per week.

243.   If any driver worked more than forty hours per week, Defendant's policy was not to pay that driver an overtime premium of one and one half times the driver's regular rate for the hours over forty.

244.   Defendant had a general practice of keeping no contemporaneous records of time that drivers performed courier/delivery services on Defendant's behalf.

245.   After deducting for expenses related to the operation of at least some Plaintiffs' vehicles in the course of performing job duties for Defendant, some Plaintiffs' pay regularly fell below the minimum wages required by the FLSA.

246.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff Jessie Bascomb drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

247.   Upon  information  and  belief,  to  be  confirmed  after  a  reasonable opportunity for further investigation and discovery, Plaintiff Barry Askins worked more than  forty  hours  in  at  least  one  workweek  within  the  applicable  statute  of  limitations. Also,  upon  information  and  belief,  to  be  confirmed  after  a  reasonable  opportunity  for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

248.   Upon  information  and  belief,  to  be  confirmed  after  a  reasonable opportunity  for  further  investigation  and  discovery,  after  deducting  the  product  of  the IRS Mileage Rate and the miles Plaintiff Robbie Adams drove from the pay that Plaintiff received  from  Defendant,  Plaintiff  earned  less  than  $7.25  per  hour  in  at  least  one workweek within the applicable statute of limitations.

249.   Upon  information  and  belief,  to  be  confirmed  after  a  reasonable opportunity for further investigation and discovery, Plaintiff Hussam Alholwany worked more  than  forty  hours  in  at  least  one  workweek  within  the  applicable  statute  of limitations.

250.   Upon  information  and  belief,  to  be  confirmed  after  a  reasonable opportunity for further investigation and discovery, Plaintiff Roberto Arnold worked more than  forty  hours  in  at  least  one  workweek  within  the  applicable  statute  of  limitations. Also,  upon  information  and  belief,  to  be  confirmed  after  a  reasonable  opportunity  for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff

earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

251.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Andrew Ayers worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

252.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff Leroy Baines drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

253.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Joe Batie worked more than forty hours in at least one workweek within the applicable statute of limitations.  Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

254. Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Sandra Beall worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

255. Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Kenneth Bell worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

256. Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Jerome Belser worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff

earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

257.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Kimberly Blue worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

258.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Jonathan Bonner worked more than forty hours in at least one workweek within the applicable statute of limitations.

259.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff Angela Boyd drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

260.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Shanica Bradley worked more than forty hours in at least one workweek within the applicable statute of limitations.   Also, upon information and belief, to be confirmed after a reasonable

opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

261.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Willie Bray worked more than forty hours in at least one workweek within the applicable statute of limitations.  Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

262.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Christopher Brown worked more than forty hours in at least one workweek within the applicable statute of limitations.  Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

263.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Reginald Brown worked more than forty hours in at least one workweek within the applicable statute of

limitations.   Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

264.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Sandra Brown worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

265.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Brazzie Brown, Jr. worked more than forty hours in at least one workweek within the applicable statute of limitations.   Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

266.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Alfonzo Bryant worked more

than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

267.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Tasha Burrell worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

268.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff John Butler worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

269.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Jerry Byrd worked more than forty hours in at least one workweek within the applicable statute of limitations.  Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

270.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff George Cahill drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

271.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Michelle Cash worked more than forty hours in at least one workweek within the applicable statute of limitations.  Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

272.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Wayne Collins worked more

than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

273. Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Sonia Cook worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

274. Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Terry Cooley worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

275.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Nancy Costello worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

276.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Derrick Covington worked more than forty hours in at least one workweek within the applicable statute of limitations.   Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

277.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Gary Cowley worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff

earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

278.    Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Danielle Daniel worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

279.    Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff Brian Danner drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

280.    Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Larry Davidson worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

281.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Evita Davis worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

282.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Frederick Davis worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

283.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff Mark Davis drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

284.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the

IRS Mileage Rate and the miles Plaintiff Shamenski Davis drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

285.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Clark Dawson worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

286.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff Latasha Dawson drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

287.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Clark Dawson worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff

earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

288.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Wayland Dixon worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

289.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Jamie Dobbs worked more than forty hours in at least one workweek within the applicable statute of limitations.

290.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff John Driver drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

291.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Jermaine Duckworth worked more than forty hours in at least one workweek within the applicable statute of limitations.   Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the

IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

292.  Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Garey Eddins worked more than forty hours in at least one workweek within the applicable statute of limitations.

293.  Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Rashoda Edmonds worked more than forty hours in at least one workweek within the applicable statute of limitations.  Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

294.  Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Amber Edwards worked more than forty hours in at least one workweek within the applicable statute of limitations.  Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

295.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Sophia Ellis worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

296.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Lillie Eubanks worked more than forty hours in at least one workweek within the applicable statute of limitations.

297.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Jonnie Farmer worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

298.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Robert Felice worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for

further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

299. Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff Charles Ferris drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

300. Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Edward Fitts worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

301. Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Lou Fort worked more than forty hours in at least one workweek within the applicable statute of limitations.  Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned

less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

302.    Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff Ronald Fowler drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

303.    Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Mickey Frampton worked more than forty hours in at least one workweek within the applicable statute of limitations.  Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

304.    Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Michael Freeman worked more than forty hours in at least one workweek within the applicable statute of limitations.  Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

305.   Upon  information  and  belief,  to  be  confirmed  after  a  reasonable opportunity  for  further  investigation  and  discovery,  Plaintiff  John  Fuller  worked  more than  forty  hours  in  at  least  one  workweek  within  the  applicable  statute  of  limitations. Also,  upon  information  and  belief,  to  be  confirmed  after  a  reasonable  opportunity  for further  investigation  and  discovery,  after  deducting  the  product  of  the  IRS  Mileage  Rate and  the  miles  Plaintiff  drove  from  the  pay  that  Plaintiff  received  from  Defendant,  Plaintiff earned  less  than  $7.25  per  hour  in  at  least  one  workweek  within  the  applicable  statute of  limitations.

306.   Upon  information  and  belief,  to  be  confirmed  after  a  reasonable opportunity  for  further  investigation  and  discovery,  Plaintiff  Hugh  Gallagher  worked more  than  forty  hours  in  at  least  one  workweek  within  the  applicable  statute  of limitations.   Also,  upon  information  and  belief,  to  be  confirmed  after  a  reasonable opportunity  for  further  investigation  and  discovery,  after  deducting  the  product  of  the IRS  Mileage  Rate  and  the  miles  Plaintiff  drove  from  the  pay  that  Plaintiff  received  from Defendant,  Plaintiff  earned  less  than  $7.25  per  hour  in  at  least  one  workweek  within  the applicable  statute  of  limitations.

307.   Upon  information  and  belief,  to  be  confirmed  after  a  reasonable opportunity  for  further  investigation  and  discovery,  after  deducting  the  product  of  the IRS  Mileage  Rate  and  the  miles  Plaintiff  Leslie  Gardner  drove  from  the  pay  that  Plaintiff received  from  Defendant,  Plaintiff  earned  less  than  $7.25  per  hour  in  at  least  one workweek  within  the  applicable  statute  of  limitations.

308.   Upon  information  and  belief,  to  be  confirmed  after  a  reasonable opportunity  for  further  investigation  and  discovery,  Plaintiff  Jermaine  Garrett  worked

more than forty hours in at least one workweek within the applicable statute of limitations.   Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

309.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Janna Gilliam worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

310.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Leconyea Glasker worked more than forty hours in at least one workweek within the applicable statute of limitations.   Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

311.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Lonzell Golson worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

312.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Willie Gooden worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

313.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Robert Goodgame worked more than forty hours in at least one workweek within the applicable statute of limitations.   Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from

Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

314.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff Rosemary Graves drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

315.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff John Gray worked more than forty hours in at least one workweek within the applicable statute of limitations.  Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

316.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff Detrick Greene drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

317.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Kaleb Greenleaf worked more than forty hours in at least one workweek within the applicable statute of

limitations.   Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

318.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff Terrence Grubbs drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

319.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Clarence Hall worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

320.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff John Hampton, Jr., worked more than forty hours in at least one workweek within the applicable statute of limitations.   Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the

IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

321.    Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff Kimberly Hargrove drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

322.    Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Donald Harris worked more than forty hours in at least one workweek within the applicable statute of limitations.

323.    Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Tamara Hatcher worked more than forty hours in at least one workweek within the applicable statute of limitations.   Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

324.    Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff Colleen Hill drove from the pay that Plaintiff

received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

325.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff Colleen Hill drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

326.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Thomas Hill worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

327.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Jimmy Hooks worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

328.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff Charlessa Hoskin drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

329.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Frank Williams worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

330.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Michael Jackson worked more than forty hours in at least one workweek within the applicable statute of limitations.   Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

331.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Recarrdo Jackson worked

more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

332. Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Willie Jackson worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

333. Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Hicks Jessie worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

334.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Angela Johnson worked more than forty hours in at least one workweek within the applicable statute of limitations.   Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

335.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Monica Johnson worked more than forty hours in at least one workweek within the applicable statute of limitations.   Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

336.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Tracy Johnson worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff

earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

337.    Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff Courtney Joiner drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

338.    Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff James Jones worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

339.    Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Merlakia Jones worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

340.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Michael Kiene worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

341.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff Delilah King drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

342.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Lawanda Lamell worked more than forty hours in at least one workweek within the applicable statute of limitations.   Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

343.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff ShaTaura Lewis worked

more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

344.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Reginald Mann worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

345.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Anquenetta McAdams worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

346.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff Alfreda McCloud drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

347.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Ashley McCrackin worked more than forty hours in at least one workweek within the applicable statute of limitations.   Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

348.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Lisa McCraney worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

349.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Anthony McMillian worked

more than forty hours in at least one workweek within the applicable statute of limitations.  Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

350.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Brandon Mitchell worked more than forty hours in at least one workweek within the applicable statute of limitations.  Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

351.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Mindy Mitchell worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

352.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Willie Mitchell worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

353.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Sao Montgomery worked more than forty hours in at least one workweek within the applicable statute of limitations.   Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

354.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Ricky Moody worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff

earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

355.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Alesia Moody worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

356.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Terinna Moon worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

357.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Edward Moon, Jr., worked more than forty hours in at least one workweek within the applicable statute of limitations.   Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the

IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

358.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Charles D. Moore worked more than forty hours in at least one workweek within the applicable statute of limitations.   Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

359.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Charles F. Moore worked more than forty hours in at least one workweek within the applicable statute of limitations.   Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

360.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Joy Mora worked more than forty hours in at least one workweek within the applicable statute of limitations.   Also, upon information and belief, to be confirmed after a reasonable opportunity for further

investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

361.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff Dushaun Morrow drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

362.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Geoffery Moss, Jr. worked more than forty hours in at least one workweek within the applicable statute of limitations.  Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

363.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Charles Nesbitt worked more than forty hours in at least one workweek within the applicable statute of limitations.

364.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff William Ngige worked more than forty hours in at least one workweek within the applicable statute of limitations.

Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

365.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Bobby Norman worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

366.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Jackie Ogden worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

367.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Keith Page worked more

than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

368.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Yevette Parker worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

369.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Chris Paschal worked more than forty hours in at least one workweek within the applicable statute of limitations.

370.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Omar Patino worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff

earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

371.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Marquez Pittman worked more than forty hours in at least one workweek within the applicable statute of limitations.   Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

372.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff Jesse Pollard drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

373.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Matthew Pope worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

374.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff James Pope worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

375.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Alan Pruitt worked more than forty hours in at least one workweek within the applicable statute of limitations.  Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

376.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff Andrew Pruitt drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

377.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff William Pugh worked more

than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

378.    Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Theodore Quarrels worked more than forty hours in at least one workweek within the applicable statute of limitations.   Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

379.    Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Martha Rader worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

380.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Misty Reeves worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

381.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Daniel Reeves worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

382.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Rodney Reynolds worked more than forty hours in at least one workweek within the applicable statute of limitations.   Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from

Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

383.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff Edward Riley, Jr. drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

384.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff Joshua Rodriguez drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

385.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff Katrina Sanders drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

386.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Rosetta Sankey worked more than forty hours in at least one workweek within the applicable statute of limitations.   Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from

Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

387.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Aaron Saxton worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

388.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff Marcus Shepherd drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

389.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff Robert Sholund drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

390.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Debra Singleton worked more than forty hours in at least one workweek within the applicable statute of

limitations.   Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

391.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Charles Sneed worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

392.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Jaime Stegall worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

393.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the

IRS Mileage Rate and the miles Plaintiff Tiffany Sturdivants drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

394.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Santwan Swain worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

395.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Eugene Taylor worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

396.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Joyce Thacker worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for

further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

397.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff John Thomas worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

398.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Bryan Thompson worked more than forty hours in at least one workweek within the applicable statute of limitations.  Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

399.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Benjamin Thorne worked

more than forty hours in at least one workweek within the applicable statute of limitations.

400.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff Shirley Tingle drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

401.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Jacqueline Tolbert worked more than forty hours in at least one workweek within the applicable statute of limitations.  Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

402.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Patricia Tomei worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

403.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Marcus Treadwell worked more than forty hours in at least one workweek within the applicable statute of limitations.   Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

404.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Tanya Treadwell worked more than forty hours in at least one workweek within the applicable statute of limitations.   Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

405.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Jawaun Tucker worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff

earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

406. Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff Chris Turner drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

407. Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff Rodney Van Alstin drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

408. Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Jarvis Watkins worked more than forty hours in at least one workweek within the applicable statute of limitations.

409. Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Brian Weeks worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

410.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Tiffany White worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

411.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff Thomas White drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

412.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Alonzo Williams worked more than forty hours in at least one workweek within the applicable statute of limitations.  Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

413.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Felecia Williams worked

more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

414. Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Melvin Williams worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

415. Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Sharlene Williams worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

416.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Charles Wright worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

417.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Kimberly Yarbrough worked more than forty hours in at least one workweek within the applicable statute of limitations.  Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

418.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff Torrey Young drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

419.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Veronica Campbell worked

more than forty hours in at least one workweek within the applicable statute of limitations.   Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

420.    Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Jamil Pride worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

421.    Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Tony Smith worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

422.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Jerryl Todd worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

423.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, Plaintiff Joseph Walker worked more than forty hours in at least one workweek within the applicable statute of limitations. Also, upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

424.   Upon information and belief, to be confirmed after a reasonable opportunity for further investigation and discovery, after deducting the product of the IRS Mileage Rate and the miles Plaintiff Shaun Younger drove from the pay that Plaintiff received from Defendant, Plaintiff earned less than $7.25 per hour in at least one workweek within the applicable statute of limitations.

425.   Defendant knew or should have known that the job duties of Plaintiffs required Plaintiffs to work hours in excess of forty per week, yet Defendant failed and refused to compensate Plaintiffs for their work as required by the FLSA.

426.   At all times relevant hereto, Defendant was aware of the minimum wage and overtime requirements of the FLSA.

427.   Defendant purposefully and knowingly classified drivers as "independent contractors."

## VI.    CAUSE OF ACTION
### (Individual Claims for FLSA Violations)

428.   Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

429.   29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

430.   Defendant misclassified all Plaintiffs as independent contractors.

431.   The costs that Plaintiffs incurred, including, but not limited to, use of their own vehicles, for the benefit of Defendant, caused some Plaintiffs' free and clear pay to fall below minimum wages.

432.   Defendant also unlawfully refrained from paying Plaintiffs an overtime premium for hours over forty per week.

433.   Defendant's failure to pay each Plaintiff all minimum and overtime wages owed and failure to reimburse Plaintiff's work-related vehicle expenses was willful.

434.    By reason of the unlawful acts alleged herein, Defendant is liable to each Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Jessie Bascomb, et al., respectfully pray for declaratory relief and damages as follows:

A.    That each Defendant be summoned to appear and answer herein;

B.    That each Defendant be required to account to Plaintiffs and the Court for all of the hours worked by Plaintiffs and all monies paid to them;

C.    A declaratory judgment that Defendant's practices alleged herein violate the FLSA and attendant regulations;

D.    Judgment for damages for all unpaid minimum wages and overtime compensation under the FLSA and attendant regulations;

E.    Judgment for liquidated damages pursuant to the same laws in an amount equal to all unpaid minimum wages and overtime compensation owed to Plaintiffs during the applicable statutory period;

F.    An order directing Defendant to pay Plaintiffs prejudgment interest, reasonable attorney's fees and all costs connected with this action;

G.    A trial by jury; and

H.    Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**JESSIE BASCOMB, ET AL.,**
**PLAINTIFFS**

Daniel Patrick Evans
ASB-3209-R67G
THE EVANS LAW FIRM, P.C.
1736 Oxmoor Road
Birmingham, Alabama 35209
Attorney for the Plaintiffs
Telephone: 205-870-1970
Facsimile: 205-870-7763
Email: dpevans@evanslawpc.com

/s/ Joshua West
Joshua West
Sanford Law Firm, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Attorney for the Plaintiffs
Telephone: (501) 221-0088
Facsimile: (888) 787-2040
Email: west@sanfordlawfirm.com.
(*Admitted pro hac vice*)

## <u>CERTIFICATE OF SERVICE</u>

I, Joshua West, do hereby certify that on the date imprinted by the CM/ECF system, a true and correct copy of the foregoing COMPLAINT was filed via the CM/ECF system, which will provide notice to the following:

Brett Adair, Esq.
badair@carrallison.com
CARR ALLISON
100 Vestavia Parkway
Birmingham, AL 35216
Telephone: 205-949-2930
Facsimile: 205-822-2057

Emily A. Quillen, Esq.
Admitted Pro Hac Vice
equillen@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
801 Cherry Street, Suite 1075
Fort Worth, TX 76102-6843
Telephone: 817-869-1700
Facsimile: 817-878-9472

Adam C. Smedstad. Esq.
Admitted Pro Hac Vice
asmedstad@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
Address: 3214 W. McGraw St., Ste. 301F
Seattle, WA 98199
Telephone: 206-288-6192
Facsimile: 206-299-9375

Andrew J. Butcher, Esq.
Admitted Pro Hac Vice
abutcher@scopelitis.com
Charles Andrewscavage, Esq.
candrewscazage@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
30 West Monroe Street, Suite 600
Chicago, IL 60603-2427
Telephone: 312-255-7200
Facsimile: 312-422-1224

/s/ Joshua West
**Joshua West**